**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SINA KIANPOUR,

                Plaintiff-Appellant,

  v.

WELLS FARGO BANK, N.A.,

                Defendant-Appellee.

No. 18-55153

D.C. No. 2:17-cv-01757-SJO-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Sina Kianpour appeals pro se from the district court's summary judgment in his diversity action alleging claims arising from Wells Fargo Bank, N.A.'s handling of his accounts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2009). We affirm.

The district court properly granted summary judgment on Kianpour's negligence claim under California's Commercial Code because Kianpour failed to raise a genuine dispute of material fact as to whether Wells Fargo Bank failed to exercise ordinary care in sending a notice of dishonor or nonpayment regarding the check deposited by Kianpour on January 15, 2016. *See* Cal. Comm. Code § 4202(a)(2), (b) (collecting bank shall exercise ordinary care in sending notice of dishonor or nonpayment or returning an item after learning that the item has not been paid or accepted; taking proper action before its midnight deadline following receipt of an item constitutes exercise of ordinary care).

The district court properly granted summary judgment on Kianpour's Consumer Credit Reporting Agencies Act ("CCRAA") claim because Kianpour failed to raise a genuine dispute of material fact as to whether Wells Fargo furnished information to any consumer credit reporting agency that it knew or should have known was incomplete or inaccurate. *See* Cal. Civ. Code § 1785.25(a); *Gorman*, 584 F.3d at 1171-73 (explaining that only § 1785.25(a) imposes legal duties on furnishers of information; holding that the private right of action to enforce § 1785.25(a) is not preempted by the federal Fair Credit Reporting Act ("FCRA")). We reject as without merit Kianpour's contention that his CCRAA claim arises under any other subsection of § 1785.25.

The district court did not err by dismissing with leave to amend Kianpour's FCRA claim to the extent it was brought under 15 U.S.C. §§ 1681s–2(b), 1681n, and 1681o, or by instructing him on the elements of such claim. *See* 15 U.S.C. § 1681s–2(b) (setting forth duties of a furnisher of information after receiving notice of a dispute from a consumer reporting agency); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (explaining that § 1681s–2(b) requires a consumer first to notify a credit reporting agency of a dispute, as a filtering mechanism for private enforcement under §§ 1681n and 1681o). We reject as without merit Kianpour's contention that 15 U.S.C. § 1681h(e) provides a federal private right of action.

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Kianpour's requests for judicial notice, set forth in his opening brief, are denied.

**AFFIRMED.**